FILED
United States Court of Appeals
Tenth Circuit

March 23, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILBURN CARR, III,

Defendant-Appellant.

No. 12-5003
(D.C. No. 4:11-CR-00065-JHP-2)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **EBEL** and **MATHESON**, Circuit Judges.

---

Following his acceptance of a plea agreement that included a waiver of his right to appeal, Wilburn Carr, III, pleaded guilty to possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii). He was sentenced to 120 months' imprisonment. Despite the waiver, he appealed.

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The government has moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Mr. Carr's lawyer has filed a response in which he says that he "cannot contest the [government's] [m]otion." Resp. at 1.

Our independent review confirms that the proposed issue for appeal (identified in Mr. Carr's docketing statement as an appeal of his sentence) falls within the scope of the waiver. The plea agreement clearly sets forth the waiver and states that it was knowing and voluntary, and the district court discussed the waiver and voluntariness at the plea hearing. There is no contradictory evidence indicating that Mr. Carr did not knowingly and voluntarily accept the waiver. Finally, there is no indication that enforcing the waiver would result in a miscarriage of justice as defined in *Hahn*, 359 F.3d at 1327.

The motion to enforce is GRANTED and this matter is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM

-2-